J-S83013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEVIN JOSHUA CABRERA :
:
Appellant : No. 1704 EDA 2017

Appeal from the Judgment of Sentence April 26, 2017
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0000020-2017

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 14, 2018**

Appellant, Kevin Joshua Cabrera, appeals from the Judgment of
Sentence entered in the Bucks County Court of Common Pleas following his
conviction for Disregarding a Traffic Lane and Driving Under the Influence of
a Controlled Substance ("DUI").[1] Appellant challenges the basis for the
vehicle stop and the sufficiency of the evidence for DUI. After careful
review, we affirm.

We glean the facts from the record and the trial court opinion. On
September 4, 2016, at 3 a.m., State Police Trooper Lindsay Kerr observed
Appellant swerving in his lane and crossing over the dotted white line into
another lane. Trooper Kerr conducted a traffic stop for disregarding the

_____

[1] 75 Pa.C.S. § 3309(1); 75 Pa.C.S. § 3802(d)(2), respectively.

traffic lane. As she approached the vehicle, the Trooper noticed the smell of marijuana emanating from the vehicle. She asked Appellant why he swerved and he stated he was looking at his GPS.

Trooper Kerr noticed Appellant's movements to be sluggish and she asked Appellant to step out of the car to conduct Field Sobriety Tests. While performing the Horizontal Gaze Nystagmus test, she noticed Appellant's eyes were bloodshot. Appellant moved his head when she told him not to move his head. Trooper Kerr placed Appellant in the starting position for the walk-and-turn test. Appellant started the test before the Trooper instructed him to do so. He lost count when he started the test and had to restart the test. When he performed the one-leg stand test, Appellant leaned on his car for balance. Trooper Kerr determined that Appellant performed poorly on all tests and concluded that he was under the influence of marijuana and incapable of safely operating a motor vehicle.

Immediately prior to the non-jury trial on April 26, 2017, Appellant made a Motion to Suppress. He contended there was no basis to justify the stop of his vehicle.

The court denied the Motion to Suppress. The court found Appellant guilty of Disregarding a Traffic Lane and DUI, and sentenced him to 72 hours to 6 months' imprisonment.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

A. Did the trooper lack the requisite reasonable suspicion necessary to justify conducting a traffic stop on the vehicle which Appellant was the driver?

B. Was there sufficient evidence to find Appellant guilty of Driving Under the Influence beyond a reasonable doubt?

Appellant's Brief at 5.

First, Appellant argues that the trooper lacked reasonable suspicion necessary to conduct the traffic stop. Appellant contends that he did not violate Section 3309 of the Motor Vehicle Code. Based upon the video, he concedes that his vehicle did swerve, however, it "stays within its lane while doing so." Appellant's Brief at 16. Appellant avers that even if the vehicle moved slightly out of its lane, he "drove his vehicle as nearly as practicable entirely within a single lane as is what is required by the statute." *Id.*

We review challenges to suppression orders by considering whether the record supports the suppression court's factual findings. *Commonwealth v. Salter*, 121 A.3d 987, 992 (Pa. Super. 2015). Where the record does support the factual findings, we can reverse only if the suppression court's legal conclusions are in error. *Id.*

Where the violation of the Motor Vehicle Code does not require a stop for further investigation to determine whether a violation has occurred, "an officer must possess probable cause to stop the vehicle." *Commonwealth v. Ibrahim*, 127 A.3d 819, 823 (Pa. Super. 2015). "[A] police officer has probable cause to stop a motor vehicle if the officer observes a traffic code

violation, even if it is a minor offense." ***Commonwealth v. Bush***, 166 A.3d 1278, 1283 (Pa. Super. 2017).

In the case *sub judice*, the trooper stopped Appellant for violating Section 3309 of the Motor Vehicle Code. Section 3309 provides in pertinent part that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety." 75 Pa.C.S. § 3309(1).

After viewing the dash-cam video of the stop, the trial court determined that there were at least two times when the passenger side tires of the car appeared to cross the dotted white lines into another lane of traffic. ***See*** Trial Ct. Op., 6/23/17, at 1. The court concluded that the stop was justified. ***Id.***

The record supports the factual findings of the trial court. ***See Salter***, 121 A.3d at 992. Furthermore, the facts of record support the court's determination that Appellant violated Section 3309 of the Motor Vehicle Code.

Next, Appellant contends there was insufficient evidence to find him guilty of DUI. Appellant's Brief at 18. Appellant avers that the Trooper's assessment of his field sobriety tests was insufficient to establish that he was under the influence of a controlled substance. ***Id.*** at 20. Appellant

contends that even if he was under the influence of a controlled substance, there is no evidence that he was incapable of safe driving. *Id.* at 21.

As a prefatory matter, we consider whether Appellant has waived this issue on appeal. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 2119(a) and (b). As this Court has made clear, we "will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citations omitted).

Here, Appellant failed to adhere to the Rules of Appellate Procedure. In support of his claim that the evidence was insufficient to find him guilty of DUI, Appellant merely quoted Sections 3802 and 3803 of the Motor Vehicle Code. He did not develop his sufficiency of the evidence claim with any citation to legal authorities. Appellant presented no argument addressing his challenge to the sufficiency of the evidence. This defect prevents this Court from conducting meaningful appellate review of his claim. Therefore, we conclude Appellant has waived this issue.

Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

President Judge Gantman joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/18